1844.

HOPE
*v.*
BRINCKER-
HOFF.

### HOPE and another *v.* BRINCKERHOFF.

No necessity, in answering a judgment creditor's bill, to discover as to
property coming to defendant up to filing the answer. All a complainant
can do is to require a discovery (up to that late time) of the mere *con-
dition* of the property which the defendant had when the bill was filed.

Where an answer shows property acquired after bill filed, a supplemental
bill is necessary to reach it and the particulars of it.

Where a right to property comes to a judgment debtor before bill filed, but
administration to it takes place afterwards, the same may be reached by
a supplemental bill making the administrator a party; although it might
be that a complainant, knowing of the right, could have amended and
compelled an assignment of it to a receiver.

*Jan.* 23.
1844.

*Pleading.*
*Exception.*
*Answer.*
*Practice.*
*Supple-*
*mental*
*Bill.*

EXCEPTIONS to a master's report, allowing exceptions to
the defendant's answer—put in to a judgment creditor's bill.
Judgment recovered on the eighth day of January one thou-
sand eight hundred and forty; *fi. fa.* issued the sixteenth
and returnable on the eighteenth day of the same January;
returned *nulla bona*; and filed the twentieth day of Feb-
ruary following. The bill was filed on the twenty-third
day of March one thousand eight hundred and forty, in
the usual form; and with all the common allegations of a
judgment creditor's bill in regard to property—claiming an
answer in relation to the same " as well at the time of filing
the bill as until and at the time of filing his answer."

The defendant answered that on the twenty-eighth day
of February one thousand eight hundred and forty, he did
duly and according to law assign and deliver to Thomas
F. Richards all his property of every nature and description,
to be held and disposed of by the assignee for the payment
and satisfaction of the several debts due and owing by the
defendant to his several creditors *pro rata;* and further,
that he had not, at the time of filing the bill, any equitable
interests, things in action or other property of the value of
one hundred dollars and more exclusive of all prior just
claims thereon; nor any amount of money, &c. [going on,
following the language of the bill,] " except what may re-

vert to this defendant after the full payment and satisfaction of all claims and demands against this defendant in virtue of the said assignment."

Exceptions were taken for insufficiency, mainly on the ground that while the defendant showed he had made an assignment for creditors, yet, it did not appear that the complainant's debt was provided for; and, also, that the defendant should have answered as to property up to the filing of his answer. The exceptions were allowed by the master.

Mr. *Brinckerhoff*, in support of the exception taken to the master's report.

Mr. *Sears*, contra.

THE VICE-CHANCELLOR :—The exceptions appear to be taken and allowed because the defendant has not set forth, particularly, the property assigned and wherein he has a reversionary interest. But this cannot be material to the complainant to know in this suit : because their debt must be paid before any reversionary interest or property can come to the defendant.

He was not bound to answer as to any property acquired between the filing of the bill and the putting in of the answer. The call in the bill, in that respect, is understood as applying to property which the defendant had at the time of filing the bill and on which it became a lien and the present condition of which he should disclose as well as the past. A supplemental bill is necessary to discover as well as to reach property acquired by a defendant subsequently to the filing of the original bill.

I am of opinion that all the exceptions to the defendant's answer should have been disallowed.

Order that the exception of the defendant to the master's report be allowed, with costs to be taxed and credited on the judgment.

This case came up again on demurrer to a supplemental bill. The defendant was entitled to a share in the property

*1844.*

HOPE
*v.*
BRINCKER-
HOFF.

*Aug.* 13.

*Oct.* 8,
1845.

of his mother, who had died intestate. This share fell to him prior to the filing of the original bill; but her administrator, Mr. John L. Lawrenee, was not appointed until afterwards. The question was on a point of pleading: whether the complainant should not have amended and, in that way, have avoided the filing of a supplemental bill.

Mr. *Brinckerhoff*, in support of the demurrer.

Mr. *Sears*, contra.

June 9,
1846.

THE VICE-CHANCELLOR:—The ground on which this demurrer is taken is that the matter of substance introduced by way of supplement might have been introduced into the original bill by way of amendment; and, hence, that a supplemental bill is unnecessary. It is true that wherever the same end can be obtained by amendment, the court will not permit a supplemental bill to be filed: Mitford, 62.

But, new matter or events which have arisen since the filing of the original bill, cannot be set up by amendment and if intended to be invoked as a ground for relief, a resort must be had to a secondary bill. Now, in this instance, the share or interest of the defendant in the estate of his deceased mother existed and was just as perfect before and at the time of filing the original bill as it was afterwards and, by amending the bill, the complainants could have a decree against the defendant Brinckerhoff, compelling him to assign the claim to a receiver, to be collected and applied to the payment of their debt. If, however, it was necessary or, if not actually necessary, if it was proper to make John L. Lawrence a party defendant, in order, directly, to reach the fund in his hands as administrator, that course could only be pursued by means of a supplemental bill. Mr. Lawrence, it appears, did not become such administrator and possess himself of the assets until long after the original bill was filed; and having funds in his hands belonging to the defendant, as this bill now shows, I cannot undertake to say that it was improper to make him a party and to ask that he be decreed to apply so much of it as may be neces-

sary to satisfy the judgment debt of the complainants and to have him enjoined, in the meantime, from paying the money over to the defendant. This specific relief, it seems to me, the complainants have a right to ask for; and, having that right, it is only available to them by a supplemental bill.

If the complainants had been content to seek payment out of their specific fund, through the medium of an assignment by the defendant to the receiver in the cause, it might have been necessary to have done no more than to amend the bill by alleging the existence of the property in the hands of Mr. Lawrence under a grant of letters of administration, although subsequent: such a bare allegation being admissible as an amendment within the exception to the general rule adverted to by the chancellor in *Buck* v. *Buck*, (4 Saratoga Sentinel Reports, 45.)

Order, that the demurrer be overruled, with costs.